UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVE E. STARR,

Plaintiff,

v.

U.S. GOVERNMENT, U.S. DEPARTMENT OF JUSTICE, BUREAU OF PRISONS, F.C.I. WASECA,

Defendants.

Civil No. 00-815 (DWF/AJB)

**REPORT AND RECOMMENDATION**

This matter is properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Plaintiff commenced this action on April 3, 2000, by filing a complaint seeking compensation for certain personal property that allegedly was lost and/or destroyed by Defendants. Plaintiff did not submit the $150.00 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Plaintiff is a prisoner, however, he is not entitled to IFP status unless he first complies with the initial partial filing fee requirements set forth at 28 U.S.C. § 1915(b). Therefore, by order dated April 5, 2000, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee, (which was determined to be $8.85), within twenty days. Plaintiff was advised that if he did not pay his initial partial filing fee within the time allowed, the Court would recommend that his action be dismissed without prejudice, for failure to prosecute.

FILED APR 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff responded to the Court's prior order by sending a letter to the Clerk of Court dated April 13, 2000. (Docket No. 4.) That letter, in its entirety, reads as follows:

> "I received your order on the above case. At this time, I would like to request you return my paperwork so that I may correct it to add the $150 filing fee to the $58.55 tort claim + refile upon my release in Sept. of this year. [¶] If necessary for you to keep a copy on file, please return a copy of all paperwork to me."

The Court understands this letter to be a request for (1) a voluntary dismissal of this action, and (2) a copy of Plaintiff's previously-filed complaint in this action.

Because no Defendant has filed any answer or other response to Plaintiff's pleading in this matter, Plaintiff is entitled to voluntarily dismiss this action, as a matter of course, pursuant to Fed. R. Civ. P. 41(a). It is therefore recommended that this action be summarily dismissed without prejudice. It is further recommended that the Clerk be directed to send Plaintiff a copy of his complaint, as he has requested.

RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a); and

2. That the Clerk of Court be directed to send Plaintiff a copy of the complaint that he filed in this matter.

Dated: April 27th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.